| | |
|---|---|
| | O |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC J. WILLIAMS,<br><br>        Petitioner,<br><br>    v.<br><br>DOMINGO URIBE, Warden,<br><br>        Respondent. | Case No. CV 17-02016-JLS (KES)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

On March 14, 2017, Eric J. Williams ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (Dkt. 1.) The Petition is the second habeas petition that Petitioner has filed challenging his 2009 convictions for second degree robbery and conspiracy to commit robbery in the Superior Court for Los Angeles County, case no. NA076870. (Petition at 3.[1])

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" For the

---

[1] All page citations refer to the CM/ECF pagination.

reasons set forth below, the Petition must be dismissed without prejudice as a second or successive petition pursuant to 28 U.S.C. § 2244(b).

# I.

# PROCEDURAL HISTORY

In August 2012, Petitioner filed a habeas petition under 28 U.S.C. § 2254 in this Court, case no. CV-12-06818-JLS-AN.[2] The Court found as follows:

> On December 2, 2009, Eric Jerome Williams ("Petitioner") was convicted of two counts of second degree robbery (CAL. PENAL CODE § 211) and one count of conspiracy to commit robbery (CAL. PENAL CODE § 182(a)(l)) following a jury trial in the California Superior Court for Los Angeles County (case no. NA076870). The jury also found true allegations that, in the commission of both robberies, Petitioner personally used a handgun (CAL. PENAL CODE § 12022.53(b)), and that in the commission of one of the robberies Petitioner also personally and intentionally discharged a handgun (CAL. PENAL CODE § 12022.53(c)). Petitioner was acquitted of two counts of attempted murder and one count each of attempted robbery and robbery.
>
> In a bifurcated proceeding, the jury found true allegations that the robberies were committed for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to further, promote, or assist in criminal conduct by gang members (CAL. PENAL CODE § 186.22(b)(l)). Petitioner was sentenced to a term of 35 years in state prison.
>
> Petitioner appealed the judgment of conviction to the California

---

[2] The Court takes judicial notice of its own records. Fed. R. Evid. 201(b)(2); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

2

> Court of Appeal, raising the first two claims he raises in the pending Petition. On February 17, 2011, in an unpublished opinion, the state court of appeal affirmed the judgment of conviction and rejected Petitioner's claims on the merits (case no. B221139).
>
> The California Supreme Court denied review of the court of appeal's decision without comment or citation (case no. S191822).
>
> Petitioner subsequently … [filed] a habeas petition filed with the California Supreme Court, which was denied without comment or citation (case no. S201966).

Williams v. Bitter, Case No. CV-12-06818-JLS-AN, Dkt. 19 at 1-2 (report and recommendation) (internal citations to the record omitted).

Like the present Petition, the August 2012 petition challenged Petitioner's 2009 convictions for second degree robbery and conspiracy to commit robbery, arguing: (1) that the trial court abused its discretion by admitting gang evidence in a bifurcated trial; (2) that the trial court deprived him of his Sixth Amendment Confrontation Clause rights; (3) that the prosecution failed to disclose evidence favorable to the defense in violation of Brady v. Maryland, 373 U.S. 83 (1963); (4) that he received ineffective assistance of counsel on direct appeal because his counsel failed to raise the Brady claim; (5) that the trial court improperly sentenced him under California Penal Code § 12022.53(c). Williams, Case No. CV-12-06818-JLS-AN, Dkt. 19. This Court denied the petition on September 11, 2013. Id., Dkt. 22 (order adopting report and recommendation).

The instant Petition raises at least four claims for relief: (1) Petitioner is actually innocent and there was insufficient evidence to sustain the convictions (Petition at 2, 6); (2) Petitioner was "subjected to prosecutorial misconduct, abuse of process, unlawful attachment and vindictive prosecution" (Id. at 2); (3) Petitioner's sentence violated due process (Id.); and (4) Petitioner was deprived of a fair trial when the trial court allowed the prosecution to present gang evidence to the jury

instead of in a bifurcated trial (Id. at 41).

## II.

## DISCUSSION

If a successive habeas petition under 28 U.S.C. § 2254 raises a claim that was already presented in a prior habeas petition, then that claim must be dismissed. See 28 U.S.C. § 2244(b)(1). If a successive habeas petition under § 2254 raises a claim that was *not* raised in the prior habeas petition or petitions, then that claim must be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). If the petitioner can show that claims raised in a successive habeas petition are proper under one of these provisions, then the petitioner must seek permission in the Ninth Circuit Court of Appeals before filing a successive petition in this Court:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A) (emphasis added).

The Petition now pending constitutes a second and/or successive petition

challenging the same convictions as Petitioner's prior federal habeas petition within the meaning of 28 U.S.C. § 2244(b). Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider his new claims prior to filing the instant Petition. Petitioner's failure to secure an order from the Ninth Circuit deprives this Court of subject matter jurisdiction. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

IT IS THEREFORE ORDERED that this action be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 27, 2017

_____
JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
United States Magistrate Judge